United States District Court
Southern District of Texas
**ENTERED**
August 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DXP ENTERPRISES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-3471 |
| | § | |
| TIM  HILL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the court is Defendants Brian Wookey ("Wookey"), Tim Hill ("Hill"), and Cogent Inc.'s ("Cogent") (collectively "Defendants'") Motion to Dismiss or, in the Alternative, to Transfer Venue and Request for Expedited Consideration of Motion. (Document No. 14.) Also before the court are Plaintiff's, DXP Enterprises Inc.'s ("DXP's"), Response thereto (Document No. 18.), Defendants' Reply (Document No. 19), and Plaintiff's Surreply (Document No. 21). Having considered these filings, the facts in the record, and the applicable law, the court concludes that a stay in the litigation is appropriate, pending the resolution of DXP's Motion to Dismiss a parallel action in the United States District Court for the District of Colorado. Therefore Defendants' Motion is denied, but may be summarily re-urged, if appropriate.

**Background**

This case involves two non-compete agreements signed by former employees of DXP. The following background facts are undisputed. DXP is a professional distribution management company that provides products and services in a variety of industries, including the oil and gas, general industrial, chemical, and construction markets. DXP is a Texas corporation and its headquarters are in Houston, Texas. In 2010, DXP purchased Quadna, Inc. ("Quadna"). When DXP purchased Quadna, it obtained its multiple offices, including one in Colorado. DXP also

became the employer of Quadna's employees. This included Hill and Wookey, both salesmen. Hill worked in the Colorado office, while Wookey—a previous employee of the Colorado office—was based in Montana.

As a part of its business, DXP distributes pumps and pump-related services, which were at one time primarily provided by Goulds, Inc. ("Goulds"). Cogent, a Missouri corporation, competes with DXP and also distributes Goulds pumps. Beginning in late 2013 or early 2014, Goulds' and DXP's business relationship began to deteriorate. As the relationship soured, DXP made plans to manufacture and sell a product in competition with Goulds. Goulds thought those plans violated distribution agreements between the two companies, and both companies eventually entered arbitration to resolve the matter. As its dispute with Goulds was ongoing, DXP asked certain employees to sign non-compete agreements. In late January of 2015, Wookey and Hill both signed very similar, although not exactly identical, non-compete agreements ("the agreements").

Wookey's agreement specifically provides that the term "competitor" includes Cogent, Inc., among others. (Document No. 14-1 at 26.) Similarly, Hill's agreement provides that competitors include Goulds "and its affiliates and distributors." *Id*. at 36. Both agreements also contain "Choice of Law and Mandatory Venue" clauses, which state the agreements "shall be governed by and construed under" Texas law and any suit relating to the agreement "shall be instituted only in the state or federal court of competent jurisdiction located in Harris County, Texas." *Id*. at 29, 39. Both clauses also state: "Company and Employee each expressly consent to the personal jurisdiction of such courts over them and to the location of any legal proceeding in Harris County, Texas, and waive any all [*sic*] objections to the contrary (including, . . . any objection based on cost, convenience or location of relevant persons)." *Id*.

After DXP's relationship with Goulds was terminated, Hill and Wookey resigned from DXP to accept employment with Cogent. On November 3, 2015, Hill, Wookey, and Cogent filed suit against DXP in Colorado State Court (the "Colorado Action"). *Id*. at 2. In the Colorado action, Hill, Wookey, and Cogent are seeking declaratory relief, arguing that the agreements are unenforceable under the Uniform Declaratory Judgments Law. Colo. Rev. Stat. § 13-51-105. DXP removed the Colorado Action to federal court in the District of Colorado, and moved that the case be dismissed or transferred pursuant to the forum-selection clauses in the agreements. On June 29, 2016, Magistrate Judge Tafoya granted a stay of discovery in the Colorado Action. *Wookey v. DXP Enterprises, Inc.*, No.–cv–02542–CMA–KMT (Order Granting Motion to Stay Scheduling Order Deadlines And Discovery Proceedings Pending Ruling on Motion to Dismiss or, in the Alternative, Transfer Venue).[1]

On November 25, 2015, DXP filed suit in this court (the "Texas Action"). The Texas Action alleges breach of the agreements by Wookey and Hill, and tortious interference by Cogent. DXP also seeks preliminary and permanent injunctions enforcing the agreements. On January 4, 2016, Wookey, Hill, and Cogent filed Defendants' Motion to Dismiss or, in the Alternative to Transfer Venue (Document No. 14.), in which they seek dismissal for lack of personal jurisdiction under FRCP 12(b)(2). Wookey, Hill, and Cogent argue that the venue clauses are unenforceable because (1) they were not freely bargained for; (2) Wookey and Hill were pressured to sign the agreements with incomplete information; and (3) DXP exercised "overweening bargaining power." In the alternative, Wookey, Hill, and Cogent argue there are insufficient minimum contacts with the Texas forum to establish personal jurisdiction. Finally, Wookey, Hill, and Cogent ask that if the action is not dismissed, it be transferred to Colorado under the "first-to-file" rule or under 28 U.S.C. § 1404.

---

[1] This is Document No. 43 in the Colorado Action.

On January 25, 2016, DXP filed its response (Document No. 18), asserting the court does have personal jurisdiction over the defendants based on the mandatory venue clauses, which they argue also bind Cogent despite its status as a non-signatory. In the alternative, DXP asserts that if the mandatory venue clause is unenforceable, the court has specific jurisdiction over Wookey, Hill, and Cogent. DXP also asserts the first-to-file rule does not apply and that Texas is a more convenient forum.

**Standard of Review**

"The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Salazar v. Bloomin' Brands, Inc.*, No. 2:15-CV-105, 2016 WL 1028371, at *2 (S.D. Tex. Mar. 15, 2016) (citations omitted). Courts use the first-to-file rule to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 604 (5th Cir. 1999) (emphasis omitted). The first-to-file rule is a "discretionary doctrine," which states that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases overlap." *Id*. at 603 (citations omitted). As the court in which the action was second filed, this court must focus its inquiry "on whether there is 'substantial overlap' between the two cases." *Jones v. Xerox Commercial Sols., LLC*, No. CIV.A. H-13-0650, 2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013) (citations omitted). "Substantial overlap" is not "complete overlap;" "[c]omplete identity of parties and issues need not be shown to invoke the first-to-file rule." *McGrew v. Quinn's Rental Servs. (USA), LLC*, No. CV H-16-543, 2016 WL 3974836, at *1 (S.D. Tex. July 25, 2016) (citations omitted).

"Where the issues substantially overlap, the court in the second filed action may dismiss the case, stay the case, or transfer the case to the court in the first filed action. In general, 'the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.'" *Id. See also Jones*, 2013 WL 3245957 at *2 ("Once the likelihood of substantial overlap" has been demonstrated, it is no longer up to the second filed court "to resolve the question of whether both should be allowed to proceed.") (citation omitted); *Cadle*, 174 F.3d at 606 ("[T]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.").

**Discussion**

Defendants argue that the first-to-file rule applies here, as the two actions substantially overlap. (Document No. 14 at 15). In response, Plaintiff argues that the first-to-file rule does not apply, due to Defendants' "procedural fencing." (Document No. 18 at 14).[2] In addition, Plaintiff argues that the Colorado Action "seeks a declaration regarding the enforceability and breach of the Agreements," which "will not resolve Cogent's liability for tortious interference or DXP's claims for damages resulting from Hill and Wookey's breach of the Agreements." *Id*. at 15.

The court finds that the two actions "substantially overlap" under the first-to-file rule.

---

[2] Plaintiff's argument regarding "procedural fencing" may have merit. As explained by the Colorado Magistrate Judge, "a district court judge may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *Wookey v. DXP Enterprises, Inc.*, No.–cv–02542–CMA–KMT (Order Granting Motion to Stay Scheduling Order Deadlines And Discovery Proceedings Pending Ruling on Motion to Dismiss or, in the Alternative, Transfer Venue, at page 5). However, due to the substantial overlap between the cases, the Colorado court must make that determination. *McGrew v. Quinn's Rental Servs. (USA), LLC*, No. CV H-16-543, 2016 WL 3974836, at *1 (S.D. Tex. July 25, 2016) ("In general, 'the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.'") (citations omitted); *St. v. Smith*, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006) (finding that the question of whether the first-filed action was an improper anticipatory filing is for the first-filed court to determine).

The court agrees with Defendants that "the parties are identical[3] and the actions are essentially a mirror image of each other." (Document No. 14 at 15). Even though Plaintiff argues that its additional claims of tortious interference and damages are not addressed by the Colorado action, the court finds that, despite these additional claims, the core issue in each case is the enforceability of the agreements. *See Mcgrew*, 2016 WL 3974836, at *1 ("Complete identity of parties and issues need not be shown to invoke the first-to-file rule."). Furthermore, Plaintiff has admitted this in Colorado filings, even going as far as to refer to the actions as "identical." (Document No. 14, Exhibit L, at 5, 16) ("[T]he underlying dispute in both this case and the Harris Co. Litigation is the enforceability of the Agreements between DXP and Wookey and Hill.").

Due to the "substantial overlap" between the two actions, the court will stay this case, pending the resolution of the motion to dismiss in the Colorado case. *Mcgrew,* 2016 WL 3974836, at *1 ("Where the issues substantially overlap, the court in the second filed action may dismiss the case, stay the case, or transfer the case to the court in the first filed action."). There are several complicating factors in this case (such as the choice of law clauses) which may eventually result in its litigation in Harris County; therefore the court believes that a stay, and not a transfer or dismissal, is appropriate at this time.

**Conclusion**

Because a substantially overlapping action was first filed in Colorado, this court

ORDERS that this case is STAYED, pending the resolution of the motion to dismiss in the Colorado action. Therefore Defendants' Motion to Dismiss is

DENIED, but may be summarily re-urged, if appropriate.

---

[3] The fact that the parties are identical is undisputed.

SIGNED at Houston, Texas, this 3rd day of August, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE